IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT TODD PECKHAM,

Plaintiff/Counterclaim-Defendant,

v.

METAL MANAGEMENT, INC., d/b/a
SIMS METAL MANAGEMENT, a Delaware
Corporation ("SMM") (incorrectly sued as
SIMS METAL MANAGEMENT, INC.),

Defendant/Counterclaim-Plaintiff.        No. 10-183-DRH
v.

TWIN RIVERS TRUCKING, INC. and
MIGHTY RIVER RECYCLING, LLC,

Third Party Defendants,

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This matter is before the Court on Defendant's Motion for Preliminary Injunction (Doc. 12). Specifically, Defendant sought a preliminary injunction to enforce the terms of the covenant not to compete found in Plaintiff's contract and prevent Plaintiff Peckham from breaching his fiduciary duties as to confidential information, including pricing information, which he obtained during his employment with Metal Management, Inc.

Plaintiff Peckham filed a three count Complaint in Madison County on February 22, 2010 against Sims Metal Management, Inc. (Metal Management, Inc.).

Specifically, Peckham alleged that the restrictive covenant in his employment agreement with Metal Management, Inc. was unenforceable, that Defendant was estopped from enforcing the provisions of the covenant, and that Metal Management had breached its contract with Peckham by wrongfully terminating him (Doc. 2 Ex. 2). Defendant removed the matter to this Court on March 5, 2010 on the basis of diversity (Doc. 2). Defendant also filed a counterclaim against Peckham seeking injunctive relief for breach of the restrictive covenant, breach of fiduciary duty, and fraud, as well as a third party complaint against Peckham's two businesses, Mighty River Recycling, LLC and Twin River Trucking, LLC for tortious interference.

Subsequently, on March 11, 2010 Defendant filed the instant motion for preliminary injunction (Doc. 12). On April 8, 2010, the Court held a hearing on Defendant's motion (Doc. 30). After first determining that the Court had subject matter jurisdiction to hear the matter, the Court heard evidence. After hearing the evidence, the Court **DENIED** Defendant's motion for preliminary injunction (Doc. 12). The Court now formalizes and memorializes the findings it made at the April 8, 2010 hearing in denying Defendant's motion.

## II.  Findings of Fact

1. Plaintiff Robert Todd Peckham entered into a contract with Metal Management, Inc. on August 17, 2009. Peckham worked for Metal Management, Inc. beginning in mid-August as a senior trader who bought and

sold scrap metal. He worked for approximately six months before being fired by Metal Management, Inc.

2. Despite the written agreement between Robert Todd Peckham and Metal Management, Inc., there was not a complete and final agreement between the parties regarding what to do with the plaintiff's outside business interests. There simply was no meeting of the minds on that aspect of the transaction.

3. It is clear from the credible testimony in the case that the Plaintiff had the Defendant's interest in mind throughout his employment. While it is equally clear that there was dealing between the Plaintiff's outside business interests and the Defendant and Defendant's customers, the Court finds that those transactions were conducted with the knowledge and consent of the Defendant. The Court further finds that Plaintiff fully believed and was confident that such transactions were consistent with prudent business practices and consistent with the desires of the Defendant. Plaintiff did not believe the dealings to be in conflict nor did he try to cause a conflict in his employment or fiduciary obligations and those dealings.

4. Plaintiff's failure to disclose his company, Mighty River Recycling, LLC, was of no material importance. The Court finds that it was the alter ego of Twin Rivers Trucking, Inc., and was engaged in the exact same business.

5. Both parties testified to negotiations surrounding the Plaintiff's employment with Defendant. There was absolutely no separate consideration provided to Plaintiff for him to sign the restrictive covenant. The Regional President

        Robert Kellman testified at length, in narrative form, about the importance of the restrictive covenant and the contract, but did not offer any evidence whatsoever about any compensation offered or paid for such a restraint of trade. The Court finds that the only consideration for the restrictive covenant was the Plaintiff's employment and both parties agree that it lasted six months.

6. The Defendant is a global corporation that does billions of dollars of business, employing thousands of persons. The Plaintiff's contract with Defendant as just one employee in an office in Alton, Illinois was for a quarter million dollar salary a year. The Plaintiff and his two small businesses employed less than a half dozen people and the total income of the companies is but a small multiple of Plaintiff's salary with the Defendant. Defendant has a huge volume of businesses, while the Plaintiff's businesses are not enough to create any meaningful comparison between the two within the industry Defendant operates in.

### III. Conclusions of Law

1. The Court relies upon all of the facts recited in its findings of facts when making its conclusions of law as that law applies to those facts.

2. As a threshold matter, the Court finds **Brown and Brown, Inc. v. Mudron, 379 Ill. App. 3d 724, 887 N.E.2d 437 (Ill. App. Ct. 2008)** and **Mid-Town**

***Petroleum, Inc. v. Gowen*, 243 Ill. App. 3d 63, 611 N.E.2d 1221 (Ill. App. Ct. 1993)** ) controlling on the issue of consideration. There is inadequate consideration for the restrictive covenant in this case, and thus, the restrictive covenant is not valid as a matter of law. The Court finds nothing in the contract that suggests there was any consideration for the restrictive covenant, other than Plaintiff's employment. Under the cases of ***Brown*** and ***Mid-town***, the six months that Plaintiff was employed is inadequate consideration.

3. A party seeking a preliminary injunction to enforce a restrictive covenant must show: (1) no adequate remedy at law exists; (2) he will suffer irreparable harm if the injunction is not granted; (3) he has a reasonable likelihood of success on the merits of the underlying claim; (4) the irreparable harm the party will suffer without injunctive relief is greater than the harm the opposing party will suffer if the injunction is granted; and (5) the injunction will not harm the public interest. ***Knox. Powers*, No. 09-cv-341-DRH-CJP, 2010 WL 98941, \*1 (S.D. Ill. Jan. 7, 2010)**. When weighing the facts, the Court uses a sliding scale analysis.

4. Furthermore, the Court finds that Defendant has failed to show a legitimate business interest which is protectable by a preliminary injunction. The Seventh Circuit has defined a legitimate business interest as existing when: (1) the former employee learns trade secrets or acquires other confidential information during his employment and subsequently attempts to use it for

his own benefit; or (2) the customer relationships are near-permanent and but for the employee's association with the employer the employee would not have had contact with the customers. ***Outsource Int'l, Inc. v. Barton*, 192 F.3d 662, 667 (7th Cir. 1999)**.

5. Defendant claims that it has a legitimate business interest that is protectable by a restrictive covenant in its "confidential and proprietary pricing information." Under Illinois law, however, pricing information for scrap metal is not protectable by a restrictive covenant. If the pricing formula for a business is not based on a proprietary process, but is solely based on the desired profit of the business, it is not confidential information. ***Springfield Rare Coin Galleries, Inc. v. Mileham*, 250 Ill. App. 3d 922, 933-34, 620 N.E.2d 479, 487-88 (Ill. App. Ct. 1993)**. While Defendant has alleged that its pricing formula was proprietary, it has produced no evidence to support this allegation.

6. Defendant has no legitimate business interest in its customer base. An employer's legitimate business interest in his customer base warrant the enforcement of a covenant not to compete: 1) where the nature of the business is such that the employer has a near-permanent relationship with its customers, and but for the employee's employment he would not have contact with the customers; and 2) where the former employee learned trade secrets or acquired other confidential information while employed and subsequently

tried to use the information for his own benefit. ***Carter-Shields v. Alton Health Institute*, 317 Ill. App. 3d 260, 268, 739 N.E.2d 569, 575-76 (Ill. App. Ct. 2000),** *overturned on other grounds*, ***Carter-Shields, MD v. Alton Health Institute*, 201 Ill.2d 441, 777 N.E.2d 948 (Ill. 2002)**. Defendant has produced no evidence to show that either circumstance applies in this case.

7. During the hearing on the motion, Defendant cited to ***Foodcomm Intern. v. Barry*, 328 F.3d 300 (7th Cir. 2003)** to argue that it is entitled to a preliminary injunction based on Peckham's breach of fiduciary duty. In ***Foodcomm***, a food importer sought a temporary restraining order against two former sales representatives who left the food importer and opened a new importing business which competed with the food importer. In opening the new business, the two former employees used contacts, information and resources of the food importer to establish a directly competing business serving a customer of the food importer. The Seventh Circuit held that to prevail on a motion for a preliminary injunction, the moving party must show that (1) its case has a likelihood of success on the merits; (2) no adequate remedy at law exists; and (3) it will suffer irreparable harm if the injunction is not granted. ***Id.* at 303.** In considering whether the moving party had a likelihood of success on the merits, the Seventh Circuit considered whether the moving party was likely to prove at trial that the non-moving parties

breached their fiduciary duties. **Id.** The Seventh Circuit found that evidence of a breach of fiduciary duty by the non-moving parties existed and that it supported the grant of a preliminary injunction by the trial court. **Id**. The Seventh Circuit further held that the food importer's business would suffer irreparable harm if the former employees were allowed to continue their directly competing business with the food importer's former customers. **Id.** The Seventh Circuit further held that the grant or denial of a preliminary injunction is reviewed for abuse of discretion. **Id.**

8. ***Foodcomm*** is distinguishable from the facts of this case. In this case, Defendant has presented no evidence that shows that Peckham has breached a fiduciary duty owed to Defendant. Defendant has not shown that Peckham has used or is using information, resources, or equipment owned by Defendant to compete with Defendant. Defendant has not shown that Peckham has stolen any customers from Defendant or has attempted to steal any customers from Defendant. Defendant has not shown that it has suffered irreparable harm or will suffer irreparable harm from Peckham's post-employment activities. Defendant has failed to demonstrate, by competent evidence, that Peckham breached, in any way, his fiduciary duty to Defendant either before or after he left its employ. In light of all this, the Court is unwilling to use its discretionary powers to issue a preliminary injunction.

9. The Court's entry of a preliminary injunction would harm the public interest

because of the destruction of competition in the marketplace. This, even though there is no evidence that Plaintiff has been actually competing for the same customers except for a circumstance where the Plaintiff clearly had a pre-existing relationship with the customer.

10. In balancing the hardships to the parties, if Plaintiff were enjoined, he would be greatly harmed versus very little harm to the Defendant if the injunction was not imposed. The size differential and economic structure of the two companies is drastically different. An injunction of the nature sought by the Defendant would effectively put the Plaintiff out of business, but to refuse the injunction would little, if anything, to the bottom line of the Defendant.

11. For all of the above-stated reasons, the evidence presented at the hearing does not support the imposition of a preliminary injunction.

### IV. Conclusion

Accordingly, the Court **DENIES** Defendant's motion for preliminary injunction (Doc. 12).

**IT IS SO ORDERED.**

Signed this 5th day of May, 2010.

/s/  *David R Herndon*
**Chief Judge**
**United States District Court**